### WEBER v. UNITED STATES.
### No. 8987.

Circuit Court of Appeals, Fifth Circuit.
April 18, 1939.

Motion to Set Aside Dismissal of Appeal Denied on Rehearing June 1, 1939.

See 104 F.2d 300.

A. M. Mood, of Fort Worth, Tex., and J. Forrest McCutcheon, of Oklahoma City, Okl., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for the United States.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

### BY THE COURT.

Appellant was convicted on November 18, 1938. A motion for a new trial was overruled on November 28, 1938, and the appeal was taken in time. By two separate orders of the District Court, appellant was granted 60 days, and later 30 days additional, in which to settle and file a bill of exceptions. This time expired about April 5, 1939. Notice of appeal and docket entries were filed in this court December 7, 1938. The case was set for hearing on April 11, 1939. That day no counsel appeared for appellant and no brief had been filed. Neither had a record incorporating the bill of exceptions been filed. The United States attorney moved for the dismissal of the appeal under our rule 22, which provides: "Where no counsel appears and no brief has been filed for the appellant, when the case is called for trial the appellee may have the appellant called and the appeal dismissed."

On the day of trial we were notified that a transcript incorporating the bill of exceptions had been mailed from Fort Worth, Texas. The motion to dismiss was taken under advisement awaiting the arrival of the transcript. This transcript was received and filed on April 13th, 1939. It contains only the evidence taken on the motion for a new trial, the pleadings, the verdict and the sentence and is not authenticated by the judge. It appears from a notation in the transcript that appellant has abandoned his efforts to prepare and file a bill of exceptions and has withdrawn his assignments of error based on the evidence admitted on the trial.

The criminal appeals rules are designed to expedite hearings on appeal. Had appellant not secured delays for settling and filing a bill of exceptions, which he afterwards abandoned, the case could have been set for hearing in January last. Appellant's conduct strongly suggests the appeal was taken simply for delay and not in good faith. While we could do so, if necessary in order to do justice, we consider it would be an abuse of discretion on our part to decline in this instance to apply the rule above stated. Accordingly, the appeal is dismissed.