300

## WEBER v. UNITED STATES.
### No. 8987.

Circuit Court of Appeals, Fifth Circuit.
June 1, 1939.

For prior opinion, see 103 F.2d 301.

A. M. Mood, of Fort Worth, Tex., and J. Forrest McCutcheon, of Oklahoma City, Okl., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., and Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for the United States.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

PER CURIAM.

By a motion for rehearing the appellant contends that his appeal was returnable to the November term, 1939, of this court, to be held at Fort Worth, Texas, and that no order was made transferring it to New Orleans and that under Rule X of those promulgated by the Supreme Court May 7, 1934, touching procedure in criminal cases, 28 U.S.C.A. following section 723a, the appeal could not be set for trial until 30 days after the record was filed in the appellate court and the record was not filed until April 13, 1939; so that the setting at New Orleans for April 11th was improper and the dismissal for want of prosecution on April 18th was erroneous.

Judicial Code, § 126, 28 U.S.C.A. § 223, provides that a term of the Court be held at Fort Worth on the first Monday in November and "All appeals, writs of error, and other appellate proceedings which may be taken or prosecuted from the district courts of the United States * * * in the State of Texas * * * shall be heard and disposed of * * * at the terms held in * * * Fort Worth * * * except that appeals or writs of error in cases of injunctions and in all other cases which, under the statutes and rules, or in the opinion of the court, are entitled to be brought to a speedy hearing may be heard and disposed of wherever said court may be sitting."

At least since the promulgation of the above referred to rules of procedure in criminal cases appeals therein have been such as "under the statutes and rules * * * are entitled to be brought to a speedy hearing." Rule X is emphatic to

that effect and expressly commands a prompt hearing and that preference shall be given to criminal appeals over appeals in civil cases. Appeals in criminal cases are thus properly to be heard wherever the Court is sitting, without special order, and on no other notice than is customarily given of the setting of cases for argument. It appears from our records, of which we take notice, that Messrs. Mood and Mc-Cutcheon, attorneys who had been admitted to practice in this court, filed their appearance as counsel for appellant on December 12, 1938. At least 40 days notice of the fixing of the case for trial was sent to them. No objection was ever made by appellant or his counsel to the time or place of trial.

It is true that Rule X states: "Save where good cause is shown for an earlier hearing, the appellate court shall set the appeal for argument on a date not less than thirty (30) days after the filing in that court of the record on appeal and as soon after the expiration of that period as the state of the calendar of the appellate court will permit." This provision applies where the record is timely filed. Where as in this case there is no apparent effort to prepare the record and it is not in fact timely filed the Court may apply the provisions of Rule IV, 28 U.S.C.A. following section 723a, "The appellate court may at any time, upon five (5) days' notice, entertain a motion to dismiss the appeal." The appellant can not postpone the disposition of the appeal by delaying beyond the time allowed the preparation and filing of his record. The Court may set the matter on its docket for hearing and where there is no appearance and no motion for continuance or other relief, may dismiss the appeal. When the case was called on April 11th, in its order on our docket and there was no record filed, the time having expired April 5th, and no application for any relief about it, no brief and no counsel present, the appeal might have been forthwith dismissed for want of prosecution under our Rule 22. We withheld judgment on the motion for dismissal until April 18th directing that notice be given of it to appellant, and there still being no appearance on brief for appellant and no motion in his behalf, although the Clerk had transmitted a meagre record, we dismissed the appeal for want of prosecution.

The motion to set aside the dismissal does not disclose a meritorious case but is based on the technical grounds above stated. We think the dismissal was not erroneous and the motion to set it aside is denied.