## John WEBER v. UNITED STATES of America.

## No. 13588.

United States Court of Appeals
Fifth Circuit.

May 10, 1951.

John Weber, in pro. per.

Cavett S. Binion, Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

This is the third in a series of appeals which appellant has brought to this court.

The first, an appeal from the conviction and judgment originally entered in 1938, was dismissed for want of prosecution.[1]

The second, an appeal from the judgment entered in 1948, after his prison sentence, for which he was committed in 1938,

had been fully served, revoking his 1938 probation of the second five year sentence imposed for violation of the terms of the probation, and committing him to serve that sentence, resulted in affirmance of the judgment and order appealed from.[2]

This one is an appeal from a judgment and order denying his petition brought under Sec. 2255, Title 28 U.S.C.A., to set aside, as entered in violation of his constitutional rights, the sentence imposed upon him in 1938.

The district judge, after careful consideration of his complaint, in the light of the record on which it purports to be based, filed findings of fact and of law adverse to appellant's contention, entered judgment accordingly, and the matter is now before us for consideration.

Because we are of the clear opinion that the district judge was right in denying his petition on the record made, we affirm the judgment on his findings, putting to one side the fact of appellant's failure to prosecute with effect his original appeal and press there the matters he seeks to press here.

For the same reason, we put to one side, as unnecessary to be given weight here, a series of additional facts which, if we were in any doubt as to the correctness of the district judge's action, should and would weigh heavily in the scale against appellant's belated effort to now obtain relief from the original judgment. These are: (1) that he has long ago fully served his original prison sentence; (2) that, after having served it, he was, for conduct in violation of his probation, occurring long after the prison term had been served, sentenced to a revocation of his probation and to serve the suspended term; (3) that that judgment was appealed from and affirmed here, and now has been nearly served; and (4) that repetitious proceedings of the kind and nature of this one should sometime have an end.

The judgment was right. It is

Affirmed.

1. Weber v. U. S., 5 Cir., 103 F.2d 301, Id., 5 Cir., 104 F.2d 300.

2. Weber v. U. S., 5 Cir., 168 F.2d 521.